UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ISAIAS PEREZ ARGUETA,
A #240-500-481,

              Petitioner,

     v.

WARDEN, California Detention Facility, et al.,

              Respondents.

No.  2:26-cv-0777-DJC-CKD P

FINDINGS & RECOMMENDATION

Petitioner Jose Isaias Perez Argueta proceeds without counsel and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges he has been detained at California Detention Facility since September 27, 2025, when he was apprehended by immigration authorities in Los Angeles, California. (ECF No. 1 at 2.) The pro se petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 1, 7, 11.) For the reasons set forth below, the undersigned recommends the petition be denied without prejudice to renewal should petitioner become subject to prolonged detention after expiration of the 90-day removal period of 8 U.S.C. §1231(a)(2)(A).

**I.    Background**

Under the petition's allegations and petitioner's declaration, petitioner is a native and citizen of Guatemala who entered the United States on February 10, 2023, seeking refuge and

1

protection after suffering persecution and torture in his home country. (ECF No. 1 at 1-2, 11-12.) Petitioner has no criminal record in the United States or Guatemala. (Id.) He has been held in custody since he was detained on September 27, 2025, more than 6 months ago. (Id.) Petitioner alleges his detention occurred under abusive conditions, and that his continued detention is causing severe hardship for himself and his family. (Id.)

The petition brings two claims: (1) detention without a bond hearing violates the Immigration and Nationality Act (INA); and (2) detention without a bond hearing violates Fifth Amendment Due Process. (ECF No. 1 at 8-9.) Petitioner seeks immediate release or a bond hearing. (Id. at 9.)

In opposition, respondents contend petitioner is subject to a final order of removal and detained under 8 U.S.C. §1231(a)(2)(A). (ECF No. 7 at 1.) They assert he is in mandatory detention during the 90-day removal period. (Id. at 1-2.) They assert any claim that he should have previously been provided a bond hearing is moot now that his detention authority has clearly shifted to 8 U.S.C. §1231(a)(2). (Id. at 2.) They argue his detention is not prolonged. (Id. at 2-3.)

In reply, petitioner argues he is held in punitive, jail-like conditions without being afforded basic due process required by the Constitution and the INA. (ECF No. 11.) He notes he was apprehended in the interior of the United States, and not at the border, and asserts he is therefore entitled to a bond hearing under INA § 236(a). (Id. at 3.) He argues his detention is prolonged in violation of due process. (Id. at 4-5.)

**II.     Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

////

////

2

### III.    Discussion

Petitioner does not dispute respondents' assertion that he is subject to a final order of removal and within the 90-day removal period during which detention is statutorily mandated. See 8 U.S.C. § 1231(a)(1)(a), (a)(2)(a); Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory." (citing § 1231(a)(2)). Whether continued detention beyond the removal period is authorized is governed by the Supreme Court decision in Zadvydas, 533 U.S. 678. Once a noncitizen has been detained for six months past the final removal order, he may be entitled to conditional release upon a showing that he will be indefinitely detained. See id. at 701.

Here, the immigration judge ordered petitioner's removal to Ecuador, or, in the alternative, Honduras, on January 13, 2026. (ECF No. 7-1 at 3.) Petitioner did not appeal. (ECF No. 7-2 at 2.)

The 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Since petitioner did not appeal, the 90-day removal period became "administratively final" upon expiration of the time to appeal. See 8 C.F.R. § 1003.39. The time for appeal is set by 8 C.F.R. § 1003.38. Under the statute in effect when petitioner was ordered removed on January 13, 2026, petitioner had 30 days to appeal. See 8 C.F.R. § 1003.38 (2005) (effective November 14, 2022, to March 8, 2026). Because he did not appeal, his 90-day removal period began on February 12, 2026, and continues until May 13, 2026.

Petitioner's detention during this 90-day "removal period" is mandatory under the INA. See Johnson v. Guzman Chavez, 594 U.S. at 528. The Ninth Circuit has determined this statutorily mandated 90-day period of detention "passes constitutional scrutiny." Khotesouvan v. Morones, 386 F.3d 1298, 1299 (9th Cir. 2004); see also, e.g., Atkinson v. Dep't of Homeland Sec., No. 2:25-CV-00484-JHC-GJL, 2025 WL 1737017, at *4 (W.D. Wash. June 6, 2025), report

3

and recommendation adopted, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1736596 (W.D. Wash. June 23, 2025) ("Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period."). In Khotesouvan, the Ninth Circuit noted a noncitizen ordered removed cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed even when removal is not reasonably foreseeable. Khotesouvan, 386 F.3d at 1299; see also id. at 1301 ("the Zadvydas due process analysis does not extend to § 1231(a)(2)").

In this instance, petitioner is in the 90-day removal period and was detained more than 6 months ago, on September 27, 2025. He argues he is entitled to a bond hearing because he was apprehended and detained in the interior of the United States. Petitioner's claim premised on a violation of the INA at the time of detention has become moot now that he is detained under a final order of removal under § 1231. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (an action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution."); Baires v. Lynch, No. C 15-03635 RS (PR), 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) (citing collected cases and holding "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231").

Petitioner also argues his detention is prolonged in violation of due process. It is unclear whether a non-citizen within the mandatory 90-day removal period of 8 U.S.C. § 1231(a)(2)(a) can state a cognizable as-applied procedural due process claim based on prolonged detention. The Supreme Court has left open the question whether due process requires that persons in prolonged mandatory immigration detention receive individualized bond hearings. See Rodriguez v. Marin, 909 F.3d 252, 255 (9th Cir. 2018) (citing Jennings v. Rodriguez, 583 U.S. 281 (2018)); see also Marroquin Ambriz v. Barr, 420 F. Supp. 3d 953, 963 (N.D. Cal. 2019) ("Post-Jennings, several courts in this district have conducted an individualized inquiry to determine whether a petitioner's prolonged detention requires an additional bond hearing."); Doe v. Andrews, No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *7 (E.D. Cal. Mar. 23, 2026) ("[Jennings] did not foreclose the ability to raise as-applied challenges to prolonged detention under [§§ 1225(b), 1226(a), and 1226(c).]"

4

Assuming, *arguendo*, such a claim could be cognizable, petitioner here does not show relief is warranted. Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

Petitioner, whose detention has recently exceeded six months, arguably has a "substantial" private interest in freedom from prolonged detention even though he is within the 90-day removal period. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"). To determine what procedures, if any, are due, the court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Where petitioner's detention has exceeded six months but not reached seven months and he is currently within the 90-day removal period, and has not appealed the removal order, the undersigned finds his private interests are "diminished" such that the first factor is neutral. See Rodriguez Diaz, 53 F.4th at 1208 (finding non-citizen's private interest in freedom from prolonged detention "further diminished by the fact that he is subject to [a non-final] order of removal"); Zadvydas, 533 U.S. at 701 (six months is a presumptively reasonable time necessary to bring about a non-citizen's removal). The second factor also does not favor petitioner because there is no showing he is without meaningful procedural safeguards for prolonged detention. If a non-citizen is not removed within the removal period, the statute provides for release on conditions rather than mandatory detention. See 8 U.S.C. § 1231(a)(3); Alva v. Kaiser, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025) ("As mandated by

Congress, the default status after the 90-day removal period is therefore release on conditions, not detention.") The third factor favors the government due to its strong and legitimate interest in detaining petitioner during the 90-day removal period for the purpose of removal. See 8 U.S.C. § 1231(a)(1)(A) ("the Attorney General shall remove the [non-citizen] from the United States within… the "removal period").

Petitioner is within the 90-day removal period of 8 U.S.C. § 1231(a)(2)(a). His present detention is statutorily authorized and does not violate the Fifth Amendment. He is not entitled to habeas relief at this time.

**IV.    Recommendation**

In accordance with the above, IT IS RECOMMENDED that Jose Isaias Perez Argueta's (A #240-500-481) petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 argu0777.mer

6